Statement of Facts.

may be moved for, for want of an affidavit of defence, or for want of a sufficient affidavit, for the whole or part of the plaintiff's claim, as the case may be, in accordance with the present practice in actions of debt and assumpsit." This act evidently recognizes the practice above referred to ; but in the county of Philadelphia, there is not, as before observed, any rule of court or practice which permits a plaintiff to take judgment for the amount admitted to be due, and to proceed for the residue of the claim.

Judgment affirmed.

---

## M. E. LUCAS ET AL. v. J. T. JACKSON.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 30, 1891—Decided February 16, 1891.

A real-estate broker, for a short time collecting rents for the owners, upon a lease of premises for a long term taken in the broker's name, is not entitled to retain from the rents collected commissions upon the aggregate amount of the rentals for the entire term of the lease.

Before PAXSON, C. J., CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 78 January Term 1891, Sup. Ct.; court below, number and term not given.

On July 22, 1889, M. E. Lucas and others, children of John C. Lucas, deceased, brought assumpsit against Joseph T. Jackson, trading as J. T. Jackson & Co., filing a statement of claim averring, in substance, as follows :

That plaintiffs, being the owners of a certain bank building, on October 29, 1888, demised the first floor of the same to the Keystone National Bank, for the term of ten years from November 1, 1888, at an annual rental of $13,000 payable monthly, and employed the defendant to collect the rent of the same ; that, for that purpose, the lease was drawn in the name of the defendant, as agent for the estate of John C. Lucas, deceased ;

Opinion of the Court.

that about June 1, 1889, the plaintiffs discharged the defendant from his said employment, whereupon the defendant claimed to deduct from the rents then in his hands the sum of $1,300, as his commissions upon the entire term of the lease; that the plaintiffs allowed to the defendant the sum of $282.46, commissions at four per cent upon the amount of the rents he had received, which, deducted from $1,300, left $1,017.54, detained by the defendant, for which this suit was brought.

On October 7, 1889, the defendant filed an affidavit of defence averring, in substance, that the said building had been placed in his hands by the plaintiffs with instructions to rent the same for the sum of $12,000 per annum; that by his negotiations the defendant, a duly licensed real-estate broker, had succeeded in renting the first floor of the building for $13,000; that the defendant rented other parts of said building, and collected the rents; that, when notified by the plaintiffs that they would collect the rents themselves, the defendant immediately accounted for his collections, charging for the service rendered in pursuance of his employment the usual and ordinary commission paid to real-estate brokers for such services, to wit, one per centum upon the gross rental for the term of the lease, to wit, $1,300; and that when the defendant accounted to the plaintiffs for the rents collected, he deducted the said commission from the amount, giving the plaintiffs credit for the sum of $282.46.

On October 18, 1890, the court without opinion filed, made a rule for judgment for want of a sufficient affidavit of defence absolute. Judgment being entered in favor of the plaintiffs, the defendant took this appeal, assigning the order making absolute the rule for judgment, for error.

*Mr. Chas. A. Chase* (with him *Mr. Chas. C. Lister*), for the appellant.

Counsel cited: Masterson v. Masterson, 121 Pa. 605.

*Mr. William S. Divine* (with him *Mr. Samuel B. Huey*), for the appellees.

Counsel cited: Potts v. Aechternacht, 93 Pa. 141.

PER CURIAM:

Judgment affirmed.